# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-3447 |
| | § | |
| ERNEST FRANCIS FLORES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On October 3, 2007, counsel for defendant Terra V. Flores filed a Suggestion of Death, informing this court of the death of Terra V. Flores on September 23, 2007.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

FED. R. CIV. P. 25(a)(1). It is not clear whether the suggestion of death filed by Terra V. Flores's attorney is adequate to trigger the 90-day deadline for filing a motion for substitution under Rule 25(a)(1). *See Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) ("Although the

attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)."). The *Rende* court further stated: "In our opinion the Rule [25(a)(1)], as amended, cannot fairly be construed, as the defendant's attorney argues, to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased." *Id.* at 985–86; *compare Ray v. Koester*, 215 F.R.D. 533, 533–34 (W.D. Tex. 2003) (finding that the 90-day period had expired without substitution after the decedent's attorney filed a suggestion of death pursuant to FED. R. CIV. P. 25(a)(1)), *aff'd per curiam*, No. 03-50513, 2004 WL 96780 (5th Cir. Jan. 21, 2004) (not designated for publication).

The United States of America is ordered to submit a filing setting forth its position on the procedural effect of the Suggestion of Death filed on October 3, 2007 and proposing a procedure with respect to its claims against Terra V. Flores. This submission is due no later than November 2, 2007.

SIGNED on October 10, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge