**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-3447 |
| | § | |
| ERNEST FRANCIS FLORES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The United States brought a collection suit against Ernest Francis Flores, Terra V. Flores, and Colonial Savings, F.A. ("Colonial Savings"), seeking unpaid income taxes and unpaid civil penalties. On October 3, 2007, counsel for defendant Terra V. Flores filed a Suggestion of Death, informing this court of the death of Terra V. Flores on September 23, 2007. (Docket Entry No. 59). The administrator for the Estate of Terra V. Flores, Joshua Brett Haley, was added as a party on February 20, 2007. (Docket Entry No. 67).

The United States has settled with Haley and Colonial Savings and has moved for entry of agreed judgment as to its claims against those parties. (Docket Entry No. 70). The United States has also moved for summary judgment against Flores. (Docket Entry No. 69). In response, Flores filed a document titled "Quo-Warranto-Complaint." (Docket Entry No. 71). This document is unintelligible.

Based on the motions and response, the parties' submissions, and the applicable law, the United States's motions for entry of agreed judgment as to claims against Haley and

Colonial Savings and for summary judgment motion against Flores are granted. The reasons are explained below.

## I.     Background

The Internal Revenue Service (IRS) assessed Flores for unpaid income tax, statutory additions, and interest for the years 1998, 1999, 2000, 2001, and 2003. The IRS has also assessed Flores for civil penalties under 26 U.S.C. § 6702 for filing of frivolous tax returns, statutory additions, and interest for the years 1999, 2000, 2001, 2002, 2003, and 2004. As of March 7, 2008, the total amount assessed against Flores is $65,149.71. The IRS gave notice of the assessments and demanded payment.

The IRS made the assessments against Flores because he filed inaccurate tax returns for these years. In 1998, Flores filed a 1040X amended tax return, in which he stated that he is not a taxpayer under the Internal Revenue Code and is not liable for income tax. (Docket Entry No. 69, Ex. I). In 2003, Flores filed form 1040 NR for nonresident aliens, reported zero tax due, although a W-2 attached to the return indicated that he had received $56,949.85 in taxable income for that year, and claimed that the entire amount that had been withheld from his salary should be refunded to him. (*Id.*, Ex. D). The United States attaches to its summary judgment motion IRS transcripts showing the taxes and penalties that Flores owes for tax years 1998 through 2004. (*Id.*, Ex. C).

The United States recorded its tax liens for the income tax liabilities for years 1998 and 1999 and for the § 6702 civil penalties for the years 1999, 2000, 2001, and 2002 in the real and personal property records of Fort Bend County, Texas on April 23, 2004. (Docket

Entry No. 69, Ex. E). The United States also recorded its tax liens for the income tax liabilities for the years 2000 and 2003 in the real and personal property records of Fort Bend County, Texas on December 19, 2005. (*Id.*, Ex. E). The United States seeks to collect Flores's unpaid taxes by foreclosing its tax liens on a residence on Bellwood Lake Drive in Richmond, Texas ("the Bellwood Lake property"). This property is described as follows:

> Lot Five (5), Block Two (2) of the WATERSIDE ESTATES, SECTION SIX, an addition in Fort Bend County, according to the map or plat thereof, recorded under Slide No. 2068/B of the Plat Records of Fort Bend County, Texas.

Flores and his then-wife, Terra V. Flores, purchased this property on October 31, 2003. (Docket Entry No. 69, Ex. F). Flores and Terra V. Flores were married when the United States filed this suit in 2006. They divorced on May 16, 2007. (*Id.*, Ex. G). Terra V. Flores took the property as her residence, subject to the United States's prior-filed tax liens, through the divorce decree. Terra V. Flores lived in the property until her death on September 23, 2007.

In addition to the United States's tax liens, the property records show a deed of trust granted to CU Members Mortgage, a division of Colonial Savings, on October 31, 2003. (Docket Entry No. 69, Ex. H). Colonial Savings continues to hold the deed of trust on the property. Colonial's lien has priority over the federal tax liens.

The United States now moves for summary judgment to establish Flores's liability for taxes and civil penalties owed for tax years 1998 through 2004 and to establish the United

3

States's right to foreclose its federal tax liens and sell the residential real property in which Flores has an interest. (Docket Entry No. 69).

## II.    The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 304 (5th Cir. 2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002). "Rule 56 'mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

**III.    Analysis**

    **A.    The Claims Against Flores**

In its summary judgment motion, the United States submits competent summary judgment evidence showing that Flores is liable for the federal income taxes and civil penalties assessed against him for the 1998, 1999, 2000, 2001, 2002, 2003, and 2004 tax years, plus interest and statutory additions.  The IRS's Forms 4340, Certificate of Assessments and Payments show the assessments against Flores for each tax year.  Each Form 4340 shows the taxable income Flores received for that tax year, the amount of tax owed, the penalties and interest assessed, and the date of each action the IRS took regarding Flores's tax liability, including when penalties were assessed and when notice of the deficiency was given.  These certificates are presumptively correct and entitled to great weight absent evidence to the contrary.  *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994).  Flores did not petition the tax court to challenge any determination of deficiency and has not challenged the validity of the certificates.  Flores has presented no competent controverting evidence.

The United States may foreclose its federal tax liens against the Bellwood Lake property.  Flores has not challenged the validity of the United States's lien on the Bellwood Lake property. The United States may enforce a federal tax lien against the Texas homestead interest of a nondebtor deceased spouse.  *Harris v. United States*, 764 F.2d 1126, 1130-31

(5th Cir. 1985). The United States tax liens may be foreclosed against the Bellwood Lake property.

The United States has shown that Flores is liable for the federal income taxes and civil penalties assessed against him for the 1998, 1999, 2000, 2001, 2002, 2003, and 2004 tax years, plus interest and statutory additions. The United States has shown that a valid lien exists on the Bellwood Lake property. Flores has failed to show a fact issue as to his tax liability or the validity of the tax lien. The summary judgment motion is granted.

It is ordered that judgment is entered in favor of the United States and against Ernest Francis Flores, for the amount of $65,149.71, plus interest and statutory additions from March 7, 2008, for income taxes and civil penalties under section 6702, as described below. Interest and statutory additions will continue to accrue on the unpaid balance as provided by sections 6651(a)(2) and 6601(a) of the Internal Revenue Code.

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH MARCH 7, 2008 |
| --- | --- | --- | --- |
| 1040 | 1998 | 03/01/2004 | $ 8,624.04 |
| 1040 | 1999 | 05/30/2005 | $28,400.80 |
| 1040 | 2000 | 03/01/2004 | $ 9,170.90 |
| 1040 | 2003 | 06/06/2005 | $14,454.95 |
| §6702 | 1999 | 11/13/2006 | $   659.55 |
| §6702 | 2000 | 11/24/2003 | $ 1,318.59 |
| §6702 | 2001 | 11/24/2003 | $ 1,277.29 |

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH MARCH 7, 2008 |
|---|---|---|---|
| §6702 | 2002 | 11/24/2003 | $ 659.55 |
| §6702 | 2004 | 03/06/2006 | $ 584.04 |
| | | TOTAL: | $65,149.71 |

It is further ordered that the United States's liens against Ernest Francis Flores are foreclosed, subject to the Agreed Judgment between the United States, the estate of Terra V. Flores, and Colonial Savings, F.A., against the Bellwood Lake property, more particularly described as follows:

> Lot Five (5), Block Two (2) of the WATERSIDE ESTATES, SECTION SIX, an addition in Fort Bend County, according to the map or plat thereof, recorded under Slide No. 2068/B of the Plat Records of Fort Bend County, Texas.

### B.     The Claims Against Terra V. Flores and Colonial Savings

The United States has settled its claims against Terra V. Flores's estate and against Colonial Savings. Under the parties' settlement agreement, Haley, the administrator of her estate (and her son), will sell the property and the United States will receive $50,000 from the proceeds of the sale. The parties have moved for entry of an agreed judgment as to the United States's claims against Haley and Colonial Savings. (Docket Entry No. 70).

Joshua Brett Haley, as administrator of the Estate of Terra V. Flores, will sell 1519 Bellwood, Richmond, Texas 77469 ("the Bellwood property") and agrees that the proceeds of sale will be distributed in the following order of priority: (1) costs of sale; (2) any ad valorem taxes due; (3) payment of the mortgage to Colonial Savings, F.A.; (4) payment to

Joshua Brett Haley for any mortgage payments he has made since the death of Terra V. Flores; (5) payment to the United States of $50,000, plus interest accrued from March 1, 2008 through the date of tender of payment; and (6) any surplus, after payments (1) through (5), will be paid to the beneficiaries of Terra V. Flores under her will.

Joshua Brett Haley, in his capacity as administrator of the Estate of Terra V. Flores, will sell the Bellwood property by November 30, 2008. Should sale of the Bellwood property be pending, but unable to be completed by November 30, 2008, the United States will have the right to grant an extension to complete the sale, at the sole discretion of the United States. In addition, Joshua Brett Haley, in his capacity as administrator of the Estate of Terra V. Flores, will continue to pay all mortgage payments and pay the homeowners insurance on the Bellwood property through the date of sale. Joshua Brett Haley, in his capacity as administrator of the Estate of Terra V. Flores, will also pay all the costs associated with the sale. The interest rate will be 7% for the purpose of determining the interest due on the $50,000 to be paid to the United States.

If the Bellwood property is not sold by Joshua Brett Haley by November 30, 2008, the United States will sell the Bellwood property and the proceeds of the sale will be distributed in the following order of priority: (1) costs of sale; (2) any ad valorem taxes due; (3) payment of the mortgage to Colonial Savings, F.A.; (4) payment to Joshua Brett Haley for any mortgage payments he has made since the death of Terra V. Flores; (5) payment to the United States up to the total amount of taxes due and owing by defendant Ernest Flores;

and (6) any surplus, after payments (1) through (6), will be paid to the beneficiaries of Terra V. Flores under her will.

## III.   Conclusion

The United States's motion for entry of agreed judgment is granted. The United States's summary judgment motion is granted. Final judgment is entered by separate order.

SIGNED on May 7, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge